[No. 7,054.—In Bank.]

## L. HIRSHFIELD *v.* THE CENTRAL PACIFIC RAILROAD COMPANY.

WAREHOUSEMAN — COMMON CARRIER — BAILMENT — ACCIDENT.—The goods of plaintiff were transported by the defendant on its railroad to their place of destination, unloaded, and placed in defendant's warehouse—the plaintiff having notice of their arrival. On the same night the goods were accidentally destroyed by fire, without fault or negligence of the defendant. *Held*, that under § 2120 of the Civil Code—*as amended in* 1874—the responsibility of the defendant was that of a *warehouseman*, and not that of a *common carrier;* and that it was not liable for the loss.

APPEAL from a judgment for the defendant, in the Sixteenth District Court, County of Kern. REED, J.

*Stetson & Houghton*, for Appellant.

*Robert Robinson, A. W. Blair*, and *Glassell & Smith*, for Respondent.

Ross, J.:

This action was brought to recover the value of certain goods
sent by the plaintiff from San Francisco to Sumner, in Kern
County. The findings show, that the cars of the defendant
containing the goods arrived at the town of Sumner, the place
of destination, about 10 o'clock A. M. of the 6th day of May,
1875; that about an hour afterwards, the agent of plaintiff
was at Sumner, and was informed and knew that the goods had
arrived there, paid the freight thereon and receipted for the
goods, and was told that they would be unloaded from the cars
and ready for delivery sometime during the afternoon of that
day; that about 2 o'clock P. M. of said day, the teamster of
plaintiff called for the goods, but they were not then unloaded.
He was informed by the agent of the defendant that the goods
would be unloaded and ready for delivery as soon as they
could be reached in the regular process of unloading the cars,
and thereupon, and before the goods were unloaded, the team-
ster left Sumner—he not remaining there more than twenty
minutes altogether. The cars were unloaded with all reason-
able dispatch, and the plaintiff's goods were unloaded and
ready for delivery at or before half-past 2 o'clock P. M. of the
same day. After the goods were unloaded they were safely
placed by the defendant in its warehouse, subject to delivery to
the plaintiff at any time when called for. On the night of said
6th day of May, the warehouse, with all its contents, including
the plaintiff's goods, was accidentally, and without any fault
or negligence on the part of defendant, destroyed by fire. The
question, therefore, on which the case turns is, whether the
responsibility of defendant, when the goods were destroyed,
was that of a common carrier or warehouseman. If the for-
mer, it is liable for the loss sustained by the plaintiff; if the
latter, it is not liable.

The question is answered by § 2120 of the Civil Code, as
amended in 1874. That section declares: "If, for any reason,
a carrier does not deliver freight to the consignee or his agent
personally, he must give notice to the consignee of its arrival,
and keep the same in safety, upon his responsibility as a ware-
houseman, until the consignee has had a reasonable time to

remove it. If the place of residence or business of the consignee be unknown to the carrier, he may give the notice by letter dropped in the nearest post-office."

According to the section as originally enacted, the defendant's responsibility would be that of a common carrier, and therefore liable for the plaintiff's loss; but in 1874, the Legislature saw fit to change the rule, and reduce the responsibility, under the circumstances stated in the section, to that of a warehouseman. In this case, the agent of the plaintiff had notice of the arrival of the goods at the place of destination, paid the freight, and receipted for them. The defendant used proper diligence in unloading them, and when unloaded safely, placed them in its warehouse, subject to delivery to the plaintiff at any time when called for. For the subsequent loss under the circumstances stated, the defendant was not responsible. (§§ 2120, 2119, and 1852, Civ. Code.)

Judgment and order affirmed.

McKinstry, J., and McKee, J., concurred.